UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| WILL C. LACLAIRE,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>TERESA BITTINGER, Interim Warden, and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>　　　　　Respondents. | 5:23-CV-05030-CBK<br><br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND ORDER DENYING A CERTIFICATE OF APPEALABILITY |

Petitioner, a prisoner at the South Dakota State Penitentiary, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to attack his March 27, 2019, state court convictions for rape and his concurrent sentences of 25 years imprisonment.

I conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts and ordered respondents to answer. Respondents filed a motion to dismiss. Petitioner did not respond to the motion.

Petitioner has filed a motion to proceed *in forma pauperis* without the prepayment of the filing fee. I find that petitioner is indigent. Petitioner must nonetheless pay the $5 filing fee in this case. 28 U.S.C. § 1914(a).

## BACKGROUND

The record in this case is substantial. In addition to the federal habeas petition and the claims made therein, the respondents filed a 76-page brief in support of their motion to dismiss the federal habeas petition, along with 87 pages from the state court records. In addition, the state court records filed with the District of South Dakota Clerk of Courts include 2,790 pages from the state court criminal record in 51CRI18-001350, 305 pages from the South Dakota Supreme Court direct appeal record in # 28991, 63 pages from the

state court habeas proceeding, 51CIV22-000919, and 26 pages from the state court habeas appeal record, #30258.

Prior to trial, petitioner filed many motions, including motions to compel the prosecution to provide all the victim's Facebook social media messages and text messages posted or sent prior to, during, or after the alleged rape. As to this request, the prosecution argued that the victim has invoked her rights as a victim under the South Dakota Constitution (also known as Masy's Law) to prevent disclosure of private information that could be used to harass her. The motions to compel were denied.

Petitioner also filed motions *in limine*, including to exclude any text messages from the victim's phone and her social media messages as a remedy for law enforcement's alleged failure to preserve all such messages and as a sanction for spoilation of possible exculpatory evidence. During the initial investigation, the investigator was seen on his body camera reviewing the victim's cell phone (with her permission) and photographing some of the content. The investigator did not photograph content he deemed not relevant to the rape investigation. Also, during the investigation, the victim was seen texting on her phone and those texts were not photographed or otherwise retained by the investigator.

The motions *in limine* came on for an evidentiary hearing on September 26, 2018. On November 30, 2018, the Circuit Court Judge denied, without opinion, petitioner's motions *in limine* regarding the victim's social media and text messages. Thus, the prosecution was authorized to use the photographs that were taken of the victim's text and social media messages.

Petitioner was tried beginning December 21, 2018, in the Seventh Judicial Circuit, Pennington County, South Dakota, and was convicted of two counts of rape, simple assault, and driving under the influence of alcohol ("DUI"). He was sentenced on March 27, 2019, to concurrent terms of 25 years imprisonment with five years suspended on the rape charges, 365 days for simple assault, concurrent to the rape sentences, and 365 days on the DUI charge, to be served consecutive to the other three sentences.

Petitioner appealed his convictions and sentences to the South Dakota Supreme Court. In his direct appeal brief he claimed that he was deprived of due process when the State failed to preserve or deleted social media messages sent by the victim during the time period of the sexual assaults. Petitioner contended that the deleted messages were exculpatory and could have impugned the victim's credibility as to whether the sexual acts between the victim and the defendant were consensual. Petitioner contended that the missing evidence would have been admissible to impeach the victim, the claim being that her social media messages that night belied any claim that she endured long hours of forcible rape.

The South Dakota Supreme Court did not issue an opinion but instead issued an order of affirmance on August 30, 2021. The South Dakota Supreme Court found that the appeal "is without merit" because the issues "are clearly controlled by settled South Dakota law or federal law" and "the issues on appeal are ones of judicial discretion and there clearly was not an abuse of discretion."

Petitioner filed a state court habeas petition on August 11, 2022, contending that he received ineffective assistance of counsel in that counsel did not obtain all the victim's text messages and was not successful in having the text messages that were preserved excluded from evidence. He further claimed that counsel was, during trial, overly aggressive during cross-examination of the victim and that, when the victim stopped answering questions, counsel did not make a record of the violation of petitioner's right to confrontation.

Petitioner contended that, during trial, the victim denied ever contacting an attorney to assist her in asserting her Marsy's Law rights, which petitioner contends was contrary to the prosecution's exhibit showing that she had sought such advice in resistance to petitioner's discovery motion. Petitioner contended counsel was ineffective in asserting that, either the victim was committing perjury or the prosecution falsified evidence. Petitioner contended that counsel was ineffective in failing to make a record that the victim had a motive to lie because, on the night she accompanied petitioner to his motel room, her baby was in DSS custody. During that evening she consumed alcohol

3

and, according to petitioner, she engaged in consensual sexual relations with him. When he was giving her a ride home, they were involved in a car accident due to petitioner's intoxicated state. Petitioner asserted that the victim fabricated a rape story to prevent DSS from surmising that she was drinking and partying while her child was in DSS custody. Petitioner contended that appellate counsel was ineffective in failing to appeal the issues of prosecutorial misconduct, restriction on cross-examination of the victim's motive to lie, and Confrontation Clause violation when the victim stopped answering questions on cross-examination.

Petitioner contended that the prosecution engaged in misconduct by not preserving all of the victim's text messages, in opposing the discovery request on the false basis that the victim had asserted rights under Marsy's Law, and failing to correct the record of the prosecutor's lack of candor to the Court.

On January 25, 2023, the petition for a writ of habeas corpus was dismissed in South Dakota Circuit Court without hearing for failure to state a claim. In its memorandum decision, the Circuit Court addressed each of petitioner's claims and held that petitioner failed to show that counsel was ineffective or that he was prejudiced by any alleged deficiencies, that his Due Process claims as to the text messages were rejected by the South Dakota Supreme Court, and that *re judicata* precluded relitigating the prosecutorial misconduct claims. The decision clearly shows that the Circuit Court reviewed the trial transcript and the criminal and appellate records in detail and applied the appropriate federal law to the federal constitutional claims.

The Circuit Court declined to issue a certificate of appealability. The South Dakota Supreme Court dismissed petitioner's motion for a certificate of probable cause to appeal as untimely.

## DECISION

Petitioner contends in this federal habeas proceeding that the state court prosecutor engaged in prosecutorial misconduct and that he received ineffective assistance of counsel, all in violation of his federal constitutional rights. "A federal habeas court generally may consider a state prisoner's federal [habeas] claim only if he has first presented that claim to the state court in accordance with state procedures." Shinn v. Ramirez, 596 U.S. 366, 371, 142 S. Ct. 1718, 1727, 212 L. Ed. 2d 713 (2022), 28 U.S.C. § 2254(b)(1)(A). It appears in this case the petitioner has complied with the requirements of § 2254 for raising his federal habeas claims. Having done so, this Court's "review is highly circumscribed. In particular, the federal court may review the claim based solely on the state-court record and the prisoner must demonstrate that, under [Supreme Court] precedents, no 'fair-minded jurist' could have reached the same judgment as the state court." Shinn v. Ramirez, 596 U.S. at 378, 142 S. Ct. at 1732 (internal citations omitted).

> If an application includes a claim that has been "adjudicated on the merits in State court proceedings," § 2254(d), an additional restriction applies. Under § 2254(d), that application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim":
>
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."
>
> This is a "difficult to meet," Harrington v. Richter, 562 U.S. 86, 102, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011), and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam) (citation and internal quotation marks omitted). The petitioner carries the burden of proof. Id., at 25, 123 S.Ct. 357.

Cullen v. Pinholster, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).

5

The state habeas court scrutinized the criminal record and set forth the applicable case law. Petitioner's claims that trial and appellate counsel were ineffective were dismissed, the state court finding that plaintiff did not demonstrate deficient performance or prejudice as required by Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d (1984). Petitioner's prosecutorial misconduct claim was dismissed for failure to state a claim upon which relief could be granted.

Petitioner did not and cannot carry his burden of proof of showing either that the state habeas decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Trial counsel for petitioner exhausted all avenues for seeking text message and social media evidence with which to attack the victim's credibility and show that she was not held against her will and was not seeking help during the evening of the rapes. Having failed to convince the trial court judge to allow petitioner to obtain such evidence, counsel for petitioner sought to prevent the prosecution from using any such evidence to bolster the victim's claim that she was raped that evening.

The trial judge is the original arbiter of discovery and admission of evidence and his rulings as to the evidence in this case were affirmed on appeal. Counsel's assistance was reviewed by the state court habeas judge and found to be consistent with the Sixth Amendment and Strickland. The state court habeas judge reviewed the trial transcript and determined that, based upon the evidence petitioner's counsel was able to elicit and the arguments he made, petitioner was not prejudiced by any of the claimed deficiencies.

The petitioner's claims as to prosecutorial misconduct were likewise reviewed and found not to have violated petitioner's constitutional rights. The state habeas court judge made a reasonable determination of the facts and correctly applied clearly established federal law in determining that petitioner was not entitled to habeas relief. My review can extend no further.

**ORDER**

Now, therefore,

IT IS ORDERED:

1. Petitioner's motion, Doc. 4, to proceed *in forma pauperis* without the prepayment of the $5.00 filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $5.00 filing fee is paid in full.

3. The Clerk of Courts shall send a copy of this order to the appropriate official at plaintiff's institution.

4. Respondents' motion, Doc. 10, to dismiss the petition is granted.

5. The petition for a writ of habeas corpus is denied.

6. The motion, Doc. 2, to appoint counsel is denied as moot.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2254 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 18th day of March, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

7